UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DERRICK JONES,

                          Plaintiff,                           1:12-CV-0993
                                                               (GTS/RFT)
v.

FRANCIS J. NEELEY, Special Agent, U.S. Dep't
of Justice, Bureau of Alcohol, Tobacco, Firearms and
Explosives; and JOHN J. KENNEDY, U.S. Dep't of
Homeland Security, Supervisory Border Patrol Agent,

                          Defendants.

_____

APPEARANCES:                                    OF COUNSEL:

DERRICK JONES
 Plaintiff, *Pro Se*
53 Russel St.
St. Albans, VT 05478

HON. RICHARD S. HARTUNIAN                       CHARLES E. ROBERTS, ESQ.
U.S. Attorney for the Northern District of New York    Assistant U.S. Attorney
 Counsel for Defendants
100 South Clinton St.
Syracuse, NY 13261

GLENN T. SUDDABY, United States District Judge

### DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Derrick Jones

("Plaintiff") against Francis J. Neeley and John J. Kennedy ("Defendants"), is Defendants'

motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  (Dkt. No. 63.)  For the

reasons set forth below, Defendants' motion is granted.

I.      RELEVANT BACKGROUND

A.      Plaintiff's Claims

Generally, in his Complaint, Plaintiff, who is an African-American with a criminal

record, alleges that, on November 1, 2010, Defendant Neely prepared a report of an investigation

that had been previously reported by Defendant Kennedy (and conducted by other Border Patrol

agents) into Plaintiff's driving of a vehicle that contained a rifle and a loaded "high capacity"

magazine near the Canadian border on September 9, 2010, causing Plaintiff to be arrested on

January 7, 2012, for possession of a firearm as a convicted felon, and subsequently confined in

jail for "[t]wo months and [eleven] days with no [b]ail." (*See generally* Dkt. No. 1 [Plf.'s

Compl.].)

Based on these factual allegations, Plaintiff's Complaint asserts three causes of action

against Defendants: (1) a claim of "municipa[l] liabil[ility]" under *Bivens*[1] for recklessly failing

to train employees; (2) claims that Defendants violated Plaintiff's right against self-incrimination

under the Fifth Amendment, his right to equal protection of the laws under the Fourteenth

Amendment, and his right to "fundamental fairness" under "the "[B]ill of [R]ights"; and (3)

claims that Defendants violated Plaintiff's right against false arrest and abuse of process under

the Fourth Amendment. (*Id.*)

Familiarity with these causes of action and the factual allegations supporting them in

---

[1]      Although Plaintiff's Complaint expressly asserts a claim against federal
Defendants under 42 U.S.C. § 1983, the Court liberally construes that claim as arising under
*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See
Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (holding, where a
*pro se* plaintiff erroneously files § 1983 claim against federal defendants, the court properly
construes the complaint as stating a cause of action under *Bivens*).

Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties.  (*Id.*)

### B.      Parties' Briefing on Defendants' Motion

#### 1.      Defendants' Memorandum of Law-in-Chief

Generally, in their memorandum of law-in-chief, Defendants assert six arguments.  (Dkt. No. 63, Attach. 1 [Defs.' Memo. of Law].)  First, Defendants argue, as a threshold matter, any claims asserted by Plaintiff under 42 U.S.C. § 1983 fail because (a) 42 U.S.C. § 1983 requires that the challenged conduct be attributable, at least in part, to a person acting under the color of state law, and (b) here, Plaintiff has alleged not that Defendants were acting under the color of state law but that they were acting as agents of federal agencies (i.e., the Bureau of Alcohol, Tobacco, Firearms and Explosives and the United States Border Patrol).  (*Id.*)

Second, Defendants argue, even if Plaintiff's claims were liberally construed as arising under the federal analog to 42 U.S.C. § 1983 (i.e., *Bivens*), Plaintiff's first cause of action would fail for the following reasons: (a) Plaintiff does not identify the "municipality" that he seeks to hold liable; (b) even if the "municipality" were construed to mean the Bureau of Alcohol, Tobacco, Firearms and Explosives, or the United States Border Patrol, Plaintiff would fail to state a claim for municipal liability, because a *Bivens* claim can be brought against only a federal employee in his individual capacity and not the United States, its agencies or its employees in their official capacities; and (c) in any event, Plaintiff does not allege facts plausibly suggesting how the municipality failed to train Defendants, how the failure prejudiced Plaintiff, and even what Defendants' underlying misconduct was (e.g., what Defendants actually did wrong and how their preparation of reports violated *Brady v. Maryland,* especially in light of the fact that Plaintiff was *acquitted,* rendering a *Brady* claim impossible).  (*Id.*)

Third, Defendants argue, Plaintiff's second cause of action fails for the following reasons: (a) Plaintiff does not allege facts plausibly suggesting that either Defendant questioned him, what he said in response to the questions, and how he thereby incriminated himself; (b) Plaintiff does not allege facts plausibly suggesting how he was treated differently than others similarly situated as a result of intentional and purposeful discrimination; and (c) Plaintiff's "fundamental fairness of the [B]ill of [R]ights" claim is simply too diffuse to state a claim upon which relief can be granted. (*Id.*)

Fourth, Defendants argue, Plaintiff's third cause of action fails for the following reasons: (a) Plaintiff does not allege facts plausibly suggesting that Defendants arrested him or subjected him to an abuse of process or malicious prosecution (especially in light of the fact that the arrest warrant was predicated on a grand jury indictment); and (b) although this claim references *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), *Monell* essentially provides that municipalities are "persons" within the meaning of 42 U.S.C. § 1983 and may be liable for damages under § 1983 when the plaintiff's federal rights were violated and that violation is attributable to a municipal policy or custom, but it provides no basis for a claim against an individual defendant, nor any basis for a claim in the absence of a policy or custom. (*Id.*)

Fifth, Defendants argue, to the extent that the remainder of Plaintiff's Complaint attempts to assert any other constitutional claims, it does not do so because (a) it fails to even remotely identify those claims, (b) it fails to allege facts plausibly suggesting the elements of those claims, and (c) it fails to allege facts plausibly suggesting Defendants' personal involvement in those claims. (*Id.*)

Sixth, Defendants argue, in the alternative, Plaintiff's three causes of action must be dismissed because, based on Plaintiff's own allegations, Defendants are immune from liability as a matter of law by the doctrine of qualified immunity (in that a reasonable law enforcement officer would not have understood that the specific actions taken by Defendants in preparing reports amounted to a constitutional violation). (*Id.*)

### 2. Plaintiff's Opposition Memorandum of Law

Generally, in his opposition memorandum of law, Plaintiff argues that, despite the fact that there was no "definite proof" that he possessed or even knew of a firearm, Defendants "arbitrar[ily] and deliberate[ly]" selected him for arrest and prosecution based on his "race, where [he] live[d], and [his] criminal record," in violation of the Equal Protection Clause of the Fourteenth Amendment. (Dkt. No. 68, Attach. 1.)

### 3. Defendants' Reply Memorandum of Law

Generally, in their reply memorandum of law, Defendants assert three arguments: (1) because Plaintiff's response does not address any of Defendants' arguments, he has abandoned his claims; (2) to the extent that Plaintiff's response attempts to assert a claim not asserted in or consistent with his Complaint, the response may not do so and thus the new claim may not be considered; and (3) to the extent that Plaintiff's response attempts to amend or clarify existing claims, the response fails to do so in any discernable or meaningful way. (Dkt. No. 69.)

## II.    GOVERNING LEGAL STANDARDS

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (collecting cases).

It has long been understood that a defendant may base a motion to dismiss for failure to state a claim upon which relief can be granted on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga County*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such motions are often based on the first ground, a few words on that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases);

*Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing

Second Circuit cases).  For this reason, as one commentator has correctly observed, the "liberal"

notice pleading standard "has its limits."  2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d

ed. 2003).  For example, numerous Supreme Court and Second Circuit decisions exist holding

that a pleading has failed to meet the "liberal" notice pleading standard.  *Rusyniak,* 629 F.

Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an

appellate decision holding that a complaint had stated an actionable antitrust claim under 15

U.S.C. § 1.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  In doing so, the Court

"retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957),

that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief."  *Twombly*, 127 S. Ct. at 1968-69.  Rather than turning on the *conceivability* of an

actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an

actionable claim.  *Id*. at 1965-74.  The Court explained that, while this does not mean that a

pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the

pleading must contain at least "some factual allegation[s]."  *Id*. at 1965.  More specifically, the

"[f]actual allegations must be enough to raise a right to relief above the speculative level [to a

plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*.[2]

---

[2]        It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in
*Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks
later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated,

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement"

---

"*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*).

will not suffice.  *Iqbal*, 129 S.Ct. at 1949  (internal citations and alterations omitted).  Rule 8

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*

The Court notes that, this pleading standard applies even to *pro se* litigants.  While the

special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules

governing the form of pleadings (as the Second Circuit has observed), it does not completely

relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P.

8, 10 and 12.  *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby,

J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit

cases).  Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the

requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil

rights plaintiffs must follow.  *See Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and

Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not

absolutely suspended."  *Jackson*, 549 F. Supp.2d at 214, n.28.

Finally, a few words are appropriate regarding what documents are considered on a

motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed.

R. Civ. P. 12(b)(6).  Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P.

12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint

may be considered without triggering the standard governing a motion for summary judgment:

(1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by

reference in the complaint (and provided by the parties), (3) documents that, although not

incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court

can take judicial notice for the factual background of the case.[3]  Moreover, in the Second Circuit,

a *pro se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a

claim may be considered as effectively amending the allegations of his complaint–to the extent

those papers are consistent with the allegations in the complaint.[4]

---

[3]      *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

[4]      *See Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170 n. 1 (2d Cir. 1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) ("In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference.  Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, . . .  and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted);

## III.    ANALYSIS

After carefully considering the matter, the Court grants Defendants' motion and dismisses Plaintiff's Complaint for each of the alternative reasons stated in Defendants' memoranda of law.  To those reasons, the Court adds three points.

First, with regard to the late-blossoming selective-enforcement claim asserted for the first time in Plaintiff's reply memorandum of law, in addition to rejecting that claim for the reasons offered by Defendants (i.e., that it is inconsistent with the Complaint), the Court rejects that claim as futile for the same reasons that it dismisses Plaintiff's equal protection claim: (a) Plaintiff does not allege facts plausibly suggesting how he was treated differently than others similarly situated as a result of intentional and purposeful discrimination; and (b) Plaintiff does not allege facts plausibly suggesting that Defendants were personally involved in the selective enforcement of the law.  The Court notes that it may *sua sponte* consider, and reject, this claim under the circumstances because Plaintiff is proceeding *in forma pauperis*.  *See* 28 U.S.C. § 1915(e)(2)(B) (directing that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that–. . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief").

Second, with regard to Plaintiff's remaining claims, in addition to dismissing those claims for the reasons offered by Defendants in their reply memorandum of law (i.e., that

---

*Donhauser v.Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.) ("[I]n cases where *a pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).

Plaintiff has abandoned the claims), the Court dismisses the claims because, by wilfully failing

to oppose Defendants' numerous alternative arguments for the dismissal of the claims, Plaintiff

has lightened Defendants' burden such that, in order to succeed, Defendants need only show that

their arguments possess facial merit.[5]   Here, the Court finds that Defendants have, at the very

least, met this lightened burden (for the reasons stated in their memorandum of law-in-chief).

The Court notes that it finds that Plaintiff's failure was *willful* because, on or before June 19,

2012, he received a document entitled "Important Reminders" from the Clerk of the Court,

which specifically advised him of the consequences of failing to oppose a motion, and enclosed a

courtesy copy of, *inter alia*, Local Rule of Practice 7.1(b)(3) and page 29 of the District's *Pro Se*

Handbook (both of which reiterated that advice).  (Dkt. No. 4.)

Third, often, when a district court in the Second Circuit dismisses a *pro se* action, the

plaintiff will be allowed to amend his action.  *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d

794, 796 (2d Cir. 1999).  However, an opportunity to amend is not required where the defects in

the plaintiff's claims are substantive rather than merely formal, such that any amendment would

be futile.  *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) ("Where it

appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of

---

[5]      *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and
the Court determined that the moving party has met to demonstrate entitlement to the relief
requested therein, the non-moving party's failure to file or serve any papers as this Rule requires
shall be deemed as consent to the granting or denial of the motion, as the case may be, unless
good cause is shown.  Any party who does not intent to oppose a motion . . . shall promptly
notify the Court and the other parties of such intention. . . .  **Failure to comply with this Rule . .
. may be deemed sufficient cause for the . . . granting of a motion by default**.") [emphasis in
original]; *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n. 1 (N.D.N.Y. Oct. 30,
2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at
*2 & nn. 2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

discretion to deny leave to amend. (citations omitted); *Brown v. Peters*, 95-CV-1641, 1997 WL

599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend

where it appears that amendment would prove to be unproductive or futile.") (citation omitted).[6]

Here, the Court finds that any amendment would be futile because the defects in Plaintiff's

claims are substantive rather than merely formal.

ACCORDINGLY, it is

ORDERED that Defendants' motion for judgment on the pleadings (Dkt. No. 63) is

GRANTED; and it is further

ORDERED that Plaintiff's Complaint (Dkt. No. 1) is DISMISSED; and it is further

ORDERED that the Clerk of the Court is directed to issue Judgment for Defendants and

close this action.

The Court certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal from this

Decision and Order would not be taken in good faith.

Dated: September 11, 2015
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[6]    The Court notes that two Second Circuit cases exist reciting the standard as being
that the Court should grant leave to amend "unless the court can rule out any possibility,
however unlikely it might be, that an amended complaint would succeed in stating a claim."
*Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999); *Abbas v. Dixon*, 480 F.3d
636, 639 (2d Cir. 2007). The problem with these cases is that their "rule out any possibility,
however likely it might be" standard is rooted in the "unless it appears beyond doubt" standard
set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which was "retire[d]" by the Supreme
Court in *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007). *See Gomez v. USAA
Federal Sav. Bank*, 171 F.3d 794, 796 (relying on *Branum v. Clark*, 927 F.2d 698, 705 [2d Cir.
1991], which relied on *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). Thus, this standard does
not appear to be an accurate recitation of the governing law.